UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA DALTON,

    Petitioner,                                               Civil Action No. 13-CV-13852

v.                                                       HON. BERNARD A. FRIEDMAN

MILLICENT WARREN,

    Respondent.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court concludes that the petition must be dismissed because petitioner's claim is procedurally defaulted and as a matter of law she cannot show cause to excuse the default.

**I.** *Background*

        Following a jury trial in the Wayne Circuit Court, petitioner was convicted of seven counts of assault with the intent to commit murder, MICH. COMP. LAWS § 750.83; sending explosives with the intent to injure persons (resulting in serious impairment of a body function), MICH. COMP. LAWS § 750.204(2)(d); sending explosives with the intent to injure persons (resulting in physical injury), MICH. COMP. LAWS § 750.204(2)(c); sending explosives with the intent to injure persons (resulting in property damage), MICH. COMP. LAWS § 750.204(2)(b); sending explosives with the intent to injure, MICH. COMP. LAWS § 750.204(2)(a); and arson of a dwelling, MICH. COMP. LAWS § 750.72. Petitioner was sentenced as a fourth habitual felony offender to concurrent prison terms

40 to 60 years on each of these convictions.

Following her convictions petitioner appealed to the Michigan Court of Appeals, asserting a single claim that the prosecutor committed misconduct during closing argument. The Michigan Court of Appeals affirmed in an unpublished opinion. *See People v. Dalton*, 2013 WL 1137140 (Mich. App. Mar. 19, 2013). Petitioner appealed the decision to the Michigan Supreme Court, which denied the application for leave to appeal by standard order. *See People v. Dalton*, 494 Mich. 871 (2013). In her habeas petition, petitioner raises one issue: "[Petitioner] is entitled to a new trial where the closing arguments of the prosecutor were improper."

## II. *Legal Standards*

An application for a writ of habeas corpus by a person who is incarcerated pursuant to a state conviction may be granted with respect to any claim that was adjudicated on the merits in state court only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States" or "was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

## III. *Discussion*

Petitioner contends that her right to a fair trial was violated because the prosecutor committed misconduct during closing arguments. The Supreme Court has held that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. U.S.*, 295 U.S. 78, 88 (1935). To prevail on a claim of prosecutorial misconduct, a habeas petitioner must

demonstrate that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

The Michigan Court of Appeals concluded that this issue had not been preserved and reviewed it only for plain error:

> On appeal defendant argues that the prosecution committed misconduct during the presentation of its closing argument and that this prejudiced defendant. While we conclude that the prosecution did commit one instance of prosecutorial misconduct, we hold that defendant was not prejudiced due to the trial court's jury instructions.
>
> To preserve a claim of prosecutorial misconduct, a defendant must object to an alleged prosecutorial impropriety. *People v. Aldrich*, 246 Mich. App. 101, 110 (2001). Because defendant did not object during the prosecution's closing argument, this issue is not preserved for appeal. "Where a defendant fails to object to an alleged prosecutorial impropriety, the issue is reviewed for plain error." *Id.*, quoting *People v. Carines*, 460 Mich. 750, 752-753 (1999). A plain error is one that is "clear or obvious," and the error must affect the defendant's "substantial rights." *Carines*, 460 Mich. at 763. That is, defendant must have been prejudiced by the plain error. *Id.* "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* at 763-764 (internal quotations and alterations omitted).
>
> Generally, "[p]rosecutors are accorded great latitude regarding their arguments and conduct." *People v. Bahoda*, 448 Mich. 261, 282 (1995) (internal citations omitted). When reviewing closing arguments for prosecutorial misconduct, this Court must examine the prosecutor's remarks in context to determine if the defendant received a fair trial. *Id.* at 266-267. Prosecutors are "free to argue the evidence and all reasonable inferences from the evidence as it relates to [their] theory of the case." *Id.* However, a prosecutor's latitude is not limitless. *Id.* In fact, "prosecutors should not resort to civic duty arguments that appeal to the fears and prejudices of jury members or express their personal opinion of a defendant's guilt, and must refrain from denigrating a defendant with intemperate and

prejudicial remarks." *Id.* at 282-283 (internal footnotes omitted). "Included in the list of improper prosecutorial commentary or questioning is the maxim that the prosecutor cannot vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness'[s] truthfulness." *Id.* at 279. Additionally, "[a]ppeals to the jury to sympathize with the victim constitute improper argument." *People v. Watson*, 245 Mich. App. 572, 591 (2001). Furthermore, "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v. Abraham*, 256 Mich. App. 265, 279 (2003).

Defendant makes three separate arguments regarding prosecutorial misconduct. First, defendant makes a general argument that the prosecutor committed misconduct when the prosecutor addressed the issue of Angel Boggs's credibility in her closing argument. This Court must examine the closing argument as a whole, not just the individual statements made by the prosecutor. *Bahoda*, 448 Mich. at 266-267. Angel's credibility was of central importance to the case because she was the only witness who saw defendant throw the Molotov Cocktail at the family's home. Because prosecutors are given wide latitude, and because the prosecutor only pointed to existing facts in the record to support her argument that Angel's testimony could be believed by the jury, the prosecutor did not commit prosecutorial misconduct. Furthermore, even if the prosecutor's comments constituted misconduct, the trial court's jury instructions cured any error because the instructions specifically provided that statements made by the attorneys were not evidence and that credibility was for the jury to decide.

Second, defendant argues that the prosecutor committed misconduct in her closing argument by appealing to the jury's sympathy by focusing on Angel's youth. Once again, this Court must look at these statements in context of the entire closing argument. *Bahoda*, 448 Mich. 266-267. In *Watson*, this Court examined the following prosecutorial statement made during a closing argument:

> Members of the jury, in that darkness that Defendant attacked his stepdaughter . . . and he did something to her that no one should do to any other human being. He treated her in a way that no animal should be treated. [*Watson*, 245 Mich App at 591.]

While the defendant argued that this appealed to the jury to

4

>sympathize with the victim, this Court held that, because this comment was "isolated" and because the statement "was not so inflammatory as to prejudice [the] defendant," the prosecution did not commit prosecutorial misconduct. *Id*. Similarly, in this case, the prosecutor's statements regarding Angel's youth and her bravery for testifying, while pushing the boundaries, are isolated and they were not so inflammatory that they prejudiced defendant. Again, even if the prosecutor's comments constituted misconduct, the trial court's jury instructions, which provided that the attorneys' statements were not evidence and that credibility was an issue for the jury, cured any error.
>
>Third, defendant argues that the prosecutor committed misconduct in her rebuttal of defendant's closing argument by vouching for and bolstering Angel's credibility. The prosecution's rebuttal argument made in response to defendant's closing argument constitutes prosecutorial misconduct. In particular, the prosecutor stated that her work with child abuse victims helped her understand children's psyches. This Court has made clear that a "prosecutor cannot vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness' truthfulness." *Bahoda* 448 Mich. at 279. Here, the prosecutor attempted to explain that, based on her experiences, she understood how illogical children could be; thus, she justified for the jury the reason why Angel destroyed the notes she received from defendant. The prosecutor relied on her unique experiences of working with children to explain why Angel should be believed. This form of bolstering constitutes prosecutorial misconduct. *Id*. However, jury instructions are considered to "cure most errors." *Abraham*, 256 Mich. App. at 279. The trial judge specifically told the jury that "[t]he lawyers' statements and their arguments are not evidence." Because jurors are presumed to follow the instructions, it is presumed that the prosecutor's misconduct in bolstering Angel's credibility was cured by the court's providing the jury with a jury instruction telling them they could not consider the prosecutor's statements as evidence and that credibility is for the jury.

*Dalton*, 2013 WL 1137140, at \*\*1-2.

The Michigan Court of Appeals relied on Michigan's contemporaneous objection rule in denying petitioner's claim. When a state law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas

corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107, 102 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001).

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new, reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *See id*.

The contemporaneous objection rule was well established at the time of petitioner's trial. *See, e.g., People v. Kelly*, 423 Mich. 261 (1985). This rule "serves a governmental interest of undoubted legitimacy." *Lee v. Kemna*, 534 U.S. 362, 385 (2002). Petitioner unquestionably failed to follow the state procedural rule Her appellate counsel noted in his appellate brief that no objection was made and the review of the issue was governed by the plain error standard.

Further, the fact that the Michigan Court of Appeals subsequently reviewed

petitioner's claim for plain error "does not constitute a waiver of state procedural default rules." *Seymour v. Walker*, 224 F.3d 542 (6th Cir. 2000). *See also Taylor v. McKee*, 649 F.3d 446, 450 (6th Cir. 2011); *Scott v. Mitchell*, 209 F.3d 854, 866-68 (6th Cir. 2000).

Petitioner's failure to comply with the state's independent and adequate state procedural rule, i.e., making a contemporaneous objection, caused him to default his claims in state court. *See Wainwright v. Sykes*, 433 U.S. 72, 86-88 (1977); *Awkal v. Mitchell*, 613 F.3d 629, 648 (6th Cir. 2010). Accordingly, review by this Court is barred unless petitioner can show cause and prejudice.

To show cause sufficient to excuse a procedural default, petitioner must point to "some objective factor external to the defense" that prevented him from following the state procedural rule. *Murray*, 477 U.S. at 488. The only conceivable candidate for cause in the present case would be an argument that petitioner's trial counsel was ineffective for failing to object the allege misconduct. However, when a petitioner claims ineffective assistance of counsel as cause for a procedural default, the allegation of ineffectiveness is a separate claim which must itself be exhausted in state court according to the normal procedures. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Murray v. Carrier*, 477 U.S. 478, 489 (1986). The failure to exhaust the ineffectiveness claim will itself constitute a procedural default of the cause argument and prevents a federal court from hearing it. Petitioner attached a copy of his Michigan Court of Appeals brief to his petition. It shows that he never exhausted a claim that his trial counsel was ineffective for failing to object to the alleged instances of prosecutorial misconduct, and therefore he cannot demonstrate cause to excuse his default.

Where a petitioner fails to show cause, the court need not consider whether he has

7

established prejudice. *See Engle*, 456 U.S. at 134 n.43; *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985). Further, petitioner has proffered no new reliable evidence that she is actually innocent. Since petitioner's claim is procedurally barred, her application for habeas review must be denied.

### IV. *Conclusion*

For the reasons stated above, the Court shall summarily dismiss petitioner's application pursuant to Rule 4, as petitioner's claim is procedurally defaulted and petitioner cannot demonstrate cause to excuse her default.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate may issue only if petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the present case, reasonable jurists could not disagree over whether petitioner's claim was procedurally defaulted. Therefore, the Court shall decline to issue a certificate of appealability. The Court shall also deny petitioner permission to proceed on appeal in forma pauperis, as any appeal in this matter would be frivolous. *See* 28 U.S.C. § 1915(a)(3). Accordingly,

IT IS ORDERED that the petition in this matter for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and petitioner may not proceed on appeal in forma pauperis.

S/ Bernard A. Friedman\_\_\_\_
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  September 16, 2013
        Detroit, Michigan